# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                           **Case No. 04-20115-JWL-20**

**NORMA J. RENTERIA,**

    **Defendant.**

_____

## MEMORANDUM AND ORDER

Defendant Norma J. Renteria was convicted of conspiracy to possess with intent to distribute controlled substances and use of a communication facility to facilitate a drug trafficking crime. The court sentenced Ms. Renteria to ten years imprisonment. She subsequently filed, via new counsel, a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. # 539). In this motion, she contends that because of language difficulties she and her trial counsel did not communicate accurately with respect to sentencing issues, and that she believes certain evidence and briefing should have been offered in support of her position that she was entitled to "safety valve" consideration. For the reasons explained below, Ms. Renteria's motion is granted in part and the court hereby orders the parties to submit supplemental briefing.

The government urges the court to deny Ms. Renteria's motion for the sole reason that it is procedurally improper because Rule 59(e) of the Federal Rules of Civil Procedure does

not apply to this criminal matter; rather, it appears that Ms. Renteria is attempting to collaterally attack her sentence by alleging ineffective assistance of counsel at sentencing and, therefore, the court should allow Ms. Renteria to file a motion pursuant to 28 U.S.C. § 2255 and require Ms. Renteria to set forth with specificity therein the manner in which former counsel's performance was deficient.  Although the government is correct that Fed. R. Civ. P. 59(e) technically does not apply to this criminal matter, federal courts recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75 (1964).  *See also United States v. Dieter*, 429 U.S. 6 (1976) ("The Court of Appeals' concern with the lack of a statute or rule expressly authorizing treatment of a post-dismissal motion . . . ignores our having grounded our decision in *Healy*, not on any express authorization . . . but rather on 'traditional and virtually unquestioned practice.'").  As such, this court recognizes a motion to reconsider filed within the time for filing a notice of appeal, *United States v. Martinez*, 681 F.2d 1248, 1252 (10th Cir. 1982), as was the case here.  Where such a motion asks the court to reconsider a dispositive ruling, it is essentially treated the same as a motion to alter or amend a judgment in the civil context under Fed. R. Civ. P. 59(e).  *See United States v. Anderson*, 85 F. Supp. 2d 1084, 1109 (D. Kan. 1999).  Such a motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Thus a motion for reconsideration is appropriate where the court has misapprehended the facts, a

party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised previously. *Id.*

Neither party has addressed the applicable legal standard and therefore the court is unable to evaluate whether Ms. Renteria might be entitled to relief. Accordingly, Ms. Renteria is hereby directed to file a supplemental brief no later than **November 3, 2006**, setting forth the precise grounds upon which she believes she is entitled to relief. The government shall file its response thereto no later than **November 17, 2006**, and Ms. Renteria may file a reply no later than **November 30, 2006**. The parties should be mindful that the court is only granting Ms. Renteria's motion to the extent that she requests an opportunity to present further briefing and evidence in support of her position. The court is not at this time granting that aspect of Ms. Renteria's motion in which she seeks a new sentencing hearing. The court will not be inclined to grant that aspect of the motion unless the parties' supplemental briefing persuades the court that Ms. Renteria might be entitled to relief under the standard applicable to a motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Norma Renteria's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. #539) is granted in part as set forth above.

**IT IS SO ORDERED** this 3rd day of October, 2006.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge