IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                    Case No.  04-20115-JWL-20

**NORMA J. RENTERIA,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

Defendant Norma J. Renteria was convicted of conspiracy to possess with intent to distribute controlled substances and use of a communication facility to facilitate a drug trafficking crime.  The court sentenced her to ten years imprisonment.  She subsequently filed, via new counsel, a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. # 539).  In a Memorandum and Order dated October 3, 2006, the court granted the motion to the extent that Ms. Renteria requested an opportunity to present further briefing and evidence in support of her position.  The court has now reviewed the supplemental briefs submitted by the parties since then.  For the reasons explained below, Ms. Renteria's motion is denied.

In the court's prior Memorandum and Order, the court rejected the government's argument that "Rule 59(e) of the Federal Rules of Civil Procedure does not apply to this criminal matter." (Govt.'s Resp. to Def.'s Mot. (doc. #568), at 1.)  In doing so, the court

observed that Rule 59(e) technically does not apply to a criminal matter; that federal courts nevertheless recognize motions to reconsider pursuant to the common law doctrine recognized in *United States v. Healy*, 376 U.S. 75 (1964); that this court recognizes a motion to reconsider filed within the time for filing a notice of appeal, as was the case here; and that such a motion is essentially treated the same as a motion to alter or amend a judgment in the civil context under Rule 59(e). Such a motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised previously. *Id.*

In this case, Ms. Renteria has not shown that she is entitled to relief under this legal standard. She contends that reconsideration is necessary to correct clear error or prevent manifest injustice. Yet, notwithstanding the fact that the court gave Ms. Renteria an opportunity to submit additional briefing showing she is entitled to relief, her supplemental brief presents nothing more than the attorney argument already set forth in her original motion. Again, she contends that because of language barriers she did not fully understand what was happening or what was at stake in the sentencing process. She contends that her lack of understanding kept her from presenting evidence and argument that might have made a difference in the outcome of her sentence, specifically, in whether she would have qualified

for "safety valve" treatment under the Guidelines. The court finds Ms. Renteria's arguments to be without merit for at least two reasons.

First, Ms. Renteria has presented no evidence, by affidavit or otherwise, to support counsel's bare allegations. In the court's first Memorandum and Order on Ms. Renteria's motion to reconsider, the court stated that it was granting the motion to the extent that Ms. Renteria requested "an opportunity to present further briefing *and evidence* in support of her position." (Mem. & Order (doc. #604), at 3 (emphasis added).) Notwithstanding the fact that the court gave Ms. Renteria the opportunity to present additional evidence, she still has not submitted an affidavit or sworn declaration providing under oath the substance of what she would testify to if she were granted a hearing. Thus, the evidentiary record still consists only of the evidence presented at the sentencing hearing. The court already found that evidence insufficient to entitle Ms. Renteria to a lower sentence and the court will not revisit that decision based on an unchanged evidentiary record.

Second, the court finds the arguments advanced by Ms. Renteria's counsel to be flatly contradicted by the evidentiary record from the sentencing hearing. The court has reviewed the transcript from the sentencing hearing and finds the government's overall characterization of that evidence to be accurate. Ms. Renteria's argument that language barriers prevented her from understanding the sentencing process is belied by the record. Ms. Renteria testified under oath at the sentencing hearing that she understood the importance of telling the court about her entire involvement in the case. After hearing Ms.

3

Renteria's testimony and the testimony of one of the agents who had worked on the investigation, the court found that Ms. Renteria was not forthcoming, that the court did not believe she told the truth, and that the court did not believe she had told the government all of the information and evidence she had concerning the offense or offenses that were part of the same course of conduct or common scheme or plan. All the while, Spanish/English interpreters were providing interpreting services for Ms. Renteria. When Ms. Renteria was given the opportunity to address the court, she made no suggestion that she did not understand what had transpired that day. She was represented by competent and conscientious counsel. The court has no reason to believe that her attorney did not inform her about the relevant nuances of the sentencing process. In sum, at no time did Ms. Renteria, the interpreter, or her attorney express any concern about Ms. Renteria not being able to understand the sentencing process because of language barriers. Consequently, the court believes that Ms. Renteria, having received a sentence approximately three times that which she likely would have received if the court had found that she qualified for the safety valve reduction, is simply seeking another opportunity to present a stronger case at a second sentencing hearing. A motion to reconsider cannot be used to give Ms. Renteria a second bite at the apple.

Lastly, the court wishes to acknowledge that, in retrospect, the court now realizes it should have construed Ms. Renteria's motion as a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c). When the court previously set forth the motion for reconsideration

4

standard in its prior Memorandum and Order, it did so because it was rejecting the government's categorical argument that reconsideration standards do not apply to a criminal proceeding. More accurately, although reconsideration standards generally apply to this criminal proceeding pursuant to the court's inherent authority under *Healy*, those standards do not apply to the court's sentencing determination. *United States v. Dando*, 287 F.3d 1007, 1009 (10th Cir. 2002) (district court does not have inherent authority to modify a sentence); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (same). The court may modify a previously imposed sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Bodonie*, 413 F.3d 1126, 1129 (10th Cir. 2005). Here, the only potential statutory avenue of relief for Ms. Renteria is 18 U.S.C. § 3582(c), which permits modification of a sentence only in extremely limited circumstances. Specifically, it permits modification on motion of the Director of the Bureau of Prisons or in cases where the applicable sentencing range has subsequently been lowered by the Sentencing Commission, *id.* § 3582(c)(1)(A), (2), both of which are inapposite here. Additionally, § 3582(c) permits modification to the extent allowed under Rule 35 of the Federal Rules of Criminal Procedure. *Id.* § 3582(c)(1)(B). Rule 35 allows modification for substantial assistance on the government's motion, *see* Rule 35(b), which also does not apply here. Rule 35 also allows the court to correct clear error, but only within seven days after sentencing. *Id.* Rule 35(a). Ms. Renteria filed the current motion more than seven days after sentencing and therefore the court is without jurisdiction to consider the motion under Rule

35(a). *See United States v. Green*, 405 F.3d 1180, 1185-86 (10th Cir. 2005) (seven-day time limit imposed by Rule 35(a) is jurisdictional). Because none of the circumstances set forth in § 3582(c) apply to this case, then, Ms. Renteria is not entitled to relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Norma Renteria's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (doc. #539) is denied.

**IT IS SO ORDERED** this 8th day of December, 2006.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge